**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEBRASKA**

| | |
|---|---|
| NEBRASKA ENERGY, LLC, | Civil Action No.  4:13-cv-03190 |
| Plaintiff, | |
| v. | **PROTECTIVE ORDER** |
| AURORA COOPERATIVE ELEVATOR COMPANY, | |
| Defendant. | |

Pursuant to the Court's discussion with counsel at its Status Conference on June 9, 2015, it is hereby ORDERED as follows:

1.    <u>Materials Deemed Confidential.</u>  If a party or an attorney for a party (or a third-party subject to subpoena issued by the Court in this case or an attorney for such third-party) has a good faith belief that certain documents or other materials or information (including digital information) subject to disclosure pursuant to a discovery or other request, are confidential and should not be disclosed other than in connection with this action pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the party or attorney shall designate each such document or other materials as "CONFIDENTIAL."

2.    <u>Attorneys-Eyes Only Designations.</u>  A party or an attorney for a party may designate documents or other materials or information (including digital information) "ATTORNEY'S EYES ONLY" if the party or attorney has a good-faith belief that the documents contain highly sensitive information that could result in injury to the disclosing party or a third party if disclosed to another party or parties in this case, including but not limited to trade secrets and proprietary information.  Such documents, materials, and information shall

include, but not necessarily be limited to, the identities of Aurora Co-op's customers (including those who sell grain to and purchase grain from Aurora Co-op) and information about Aurora Co-op's overall positions in grain and Aurora Co-op's overall grain inventories, including but not limited to the spreadsheets listed in subparagraphs (a), (b), (c), (e), and (f) of Aurora Co-op's Answer to NELLC's Interrogatory No. 3.

3.      Designation by Third Parties.   A copy of this Protective Order shall be served with a subpoena or Notice of Deposition on each third party.   A third party may designate a document as "CONFIDENTIAL" and/or "ATTORNEYS-EYES ONLY" pursuant to this Order by stamping it with such notice prior to production or so identifying it on the record during the deposition of that third party.   Either party may also designate documents produced by a third party as being "CONFIDENTIAL" or "ATTORNEYS-EYES ONLY" pursuant to the terms of this Order within thirty (30) days of being made aware of the content of such documents.   Any document produced by a third party shall be treated as "CONFIDENTIAL" pursuant to the terms of this Order for such thirty (30) day period and thereafter if designated as "CONFIDENTIAL" by either party or by the third party who produces it.   The "CONFIDENTIAL" restrictions of this Order shall no longer apply to any document produced by a third party that has not been designated as "CONFIDENTIAL" by the third party or by a party within such thirty (30) day period.

4.      Redesignation of Materials as Confidential.   In the event a party inadvertently produces confidential documents or materials without the designation "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY", it shall not be deemed a waiver of the confidential nature of the documents or materials provided that the producing party notify all other parties of the inadvertent production within a reasonable time after the producing party discovers the

2

inadvertent production.  In the event that the disclosing party notifies the receiving party that a document or thing was produced without the appropriate confidentiality designation, the disclosing party shall provide the receiving party with replacement copies of the documents or things bearing the appropriate confidentiality designation.  Upon receipt of the replacement copies, the receiving party shall retrieve and return or destroy all copies of the previously produced documents or things.

5.        Inadvertent Disclosure.  The following procedures shall govern instances in which a party or third-party has inadvertently produced or disclosed materials for which any privilege or protection is claimed, including but not limited to the attorney-client privilege or work-product protection:

a.        The disclosing party must notify the receiving party promptly, in writing or on the record, upon discovery that a document has been inadvertently produced.  Upon receiving written notice from the disclosing party that privileged and/or work-product material has been inadvertently produced, all such information, and all copies thereof, shall be returned to the disclosing party within five business days of receipt of such notice and the receiving party shall not use such information for any purpose, until further order of the Court.  The receiving party shall also attempt, in good faith, to retrieve and return or destroy all copies of the document in electronic format, and shall provide the disclosing party with written notice that all copies of the document have been returned or destroyed.  If the receiving party intend to file a motion under paragraph 3(b), below, it may maintain a copy of the document for purposes of filing such a motion.

b.        If the receiving party contests the privilege or work-product designation by the disclosing party, it shall file a motion to compel production of the document or

3

information.  The receiving party shall not assert as a ground for compelling production the facts or circumstances of the inadvertent production.

c.      The disclosing party retains the burden of establishing the privileged or protected nature of any document or information that is claimed as privileged or otherwise protected.  Nothing in this paragraph shall limit the right of any party to petition the Court for an *in camera* review of such documents or information.

d.      Upon notification of inadvertent disclosure from the disclosing party, the receiving party shall place any analyses, memoranda, or notes which were internally generated based upon such inadvertently-produced information in sealed envelopes if in hard copy form or shall segregate such analyses, memoranda, or notes if in electronic form.

e.      Pursuant to Rule 502 of the Federal Rules of Evidence, if the receiving party does not contest that the information is privileged or otherwise protected or if the Court so rules, then the inadvertent disclosure of the information shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, as to the inadvertently disclosed document or information and any related material, and such documents and information shall be destroyed or returned to the producing party.

6.      Challenging Designation of Confidentiality.  If a party or an attorney for a party disputes whether a document or other material should be designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," the parties and/or attorneys shall attempt to resolve the dispute between themselves.  If they are unsuccessful, the party or attorney challenging the

"CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" designation shall do so by filing an appropriate motion.

7.    Distribution of Confidential Materials.   No party or attorney or other person subject to this Protective Order shall distribute, transmit, or otherwise divulge any document or other material which is designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," or the contents thereof, except in accordance with this Protective Order.

8.    Persons Entitled to View Confidential Materials.   Any document or other material which is designated "CONFIDENTIAL," or the contents thereof may only be disclosed to the following individuals:

a.    Counsel of record for the parties to this action who are involved in the conduct of this action, together with the partners, associates, secretaries, paralegals, assistants, agents and employees of such counsel;

b.    court officials involved in this action (including persons such as court reporters and persons operating video recording equipment at depositions);

c.    the parties;

d.    Corporate counsel of the parties who are directly working on this case and who have been informed as to the existence and requirements of this Protective Order.

e.    any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

f.    persons noticed for depositions or designated as trial witnesses, but only to the extent reasonably necessary to prepare them to testify;

g.     outside consultants or experts retained for the purpose of assisting counsel in this action who sign the undertaking attached hereto as Exhibit "A", but only to the extent reasonably necessary for them to provide such services in this action; and

h.     any person or entity who created or previously received the document.

Documents designated "ATTORNEY'S EYES ONLY" may only be divulged to individuals listed in paragraphs (a), (b),, (e), (f), and (g), above, provided that individuals listed in paragraph (f) and (g) must first sign the Acknowledgement and Agreement attached hereto as Exhibit "A".

9.     Use of Confidential and Attorney's Eyes Only Material.  Any document or other material which is designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action.  Nothing contained in this Protective Order shall prevent the use of any document or other material which is designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" or the contents thereof, as evidence at trial, or at any deposition taken in this action.  The parties, attorneys, and other persons to whom disclosure is made shall take appropriate measures at trial, at depositions, and in the filing of any confidential documents or materials with the Court to protect the confidentiality of any document or other material which is designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" or the contents thereof.  Such measures may include filing pleadings and evidence as "Restricted Access" documents on the CM/ECF system and/or filing a motion requesting the Court to seal a document or a portion thereof.

10.     Return or Destruction of Confidential Materials After Litigation.  At the conclusion of the proceedings in this action, all documents and materials designated

"CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," including any copies or extracts or summaries thereof, or documents containing or derived from information taken therefrom, shall be returned to producing counsel with producing counsel to pay the shipping costs associated with the return of such documents or materials.  Upon the consent of the producing party, which consent shall not be unreasonably withheld, the recipient of "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" materials may, as an alternative to returning the materials to the producing party, submit a written certification that such materials have been destroyed. Notwithstanding the other provisions of this paragraph, counsel for each party may retain one (1) complete set of the pleadings, trial transcripts, exhibits admitted in any deposition, documents filed with the court, deposition transcripts (including deposition exhibits), and discovery responses and shall remain bound to preserve the confidentiality of such documents in accordance with the provisions of this Protective Order.  Nothing herein shall require legal counsel for any party to return or destroy correspondence, including electronic email correspondence, which has "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" materials attached thereto.

11.     Subpoenas and Legal Process.  In the event that any of the parties is subpoenaed or is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information that was so designated by another party, the party subpoenaed or served as referred to in this paragraph shall object to the production of the information by setting forth the existence of this Protective Order and shall give prompt written notice to the party who produced the information in this litigation.  Nothing in this Protective Order shall be construed as requiring the party from whom "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information was

requested to challenge or appeal any order requiring production of information covered by this Protective Order, to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court. Notwithstanding the other provisions of this paragraph, a party from whom "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" documents or information are subpoenaed or otherwise required by a governmental agency may produce the documents or information to that agency without itself making objections, but shall provide prompt written notice of any such subpoena to the party who disclosed the information.

12. Privilege Logs. If any document is withheld from production or disclosure on the grounds of privilege or work product, the producing party shall, for each document, disclose a description of the document withheld with as much specificity as is practicable without disclosing its contents, including  (a) the general nature of the document; (b) the identity and position of its author; (c) the date it was written; (d) the identity and position of its addressee; (e) the identities and positions of all persons who were given or have received copies of it and the dates copies were received by them; (f) the document's present location and the identity and position of its custodian; and (g) the specific reason or reasons why it has been withheld from production or disclosure. The non-producing party may move to compel documents identified on the privilege log. The producing party may also seek a protective order to preserve the privilege or confidentiality of the documents identified.

13. Method of Designation. A document is designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" if it bears a reasonably conspicuous legend so stating, or, if designating the document, materials, or information is impracticable, it is accompanied by a notice that the document, materials, or information are designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."

8

14.     <u>No Effect on Other Issues.</u>   Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the documents or other materials designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" and disclosed pursuant to this Protective Order.

15.     <u>Waiver.</u>   Any waiver under this Protective Order must be made in writing or, if at a deposition or in Court, on the record.

DATED this ___ day of _____, 2015.

**BY THE COURT:**

_____
Hon. Cheryl R. Zwart
United States Magistrate Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Nebraska in the case of <u>Nebraska Energy, LLC v. Aurora Cooperative</u>, Case No. 4:13-cv-3190.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nebraska for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ of _____ as my Nebraska agent for service of process in connection with any proceedings related to enforcement of this Stipulated Protective Order.

Dated this _____ day of _____, _____.

By: _____

[Signature]

_____

[Printed Name]

4847-4409-1940, v.  2

10